Ancillary Administrator of the Estate of Robert P. Pepper, Deceased, v. Albert H. Moore, and the Fidelity Trust Company, Joseph F. Sinnott and Walton Pennewill, Executors and Trustees of Andrew M. Moore, Deceased, Garnishees. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

OPINION BY MR. JUSTICE MESTREZAT, May 18, 1903 :

For the reasons stated in the opinion this day filed in Ellwanger v. Moore, ante, p. 234, the order discharging the rule to strike off the writ of fieri facias is reversed and the rule is now made absolute and the writ is set aside. The judgment of the court below against the garnishees is so far modified as to restrain its collection until the interest, if any, of the defendant in the estate of Andrew M. Moore, deceased, is due and payable; and as thus modified, the judgment is affirmed. The costs of this appeal to be paid by the appellee.

---

## Germantown Real Estate Deposit and Trust Company *v.* Moore, Appellant.

Argued March 30, 1903. Appeal, No. 75, Jan. T., 1903, by Albert H. Moore, defendant, from order of C. P. No. 2, Phila. Co., June T., 1897, No. 926, discharging rule to strike off writ of fieri facias in case of Germantown Real Estate Deposit and Trust Company, Ancillary Administrator of the Estate of Robert P. Pepper, Deceased, v. Albert H. Moore, and the Fidelity Trust Company, Joseph F. Sinnott and Walton Pennewill, Executors and Trustees of Andrew M. Moore, Deceased, Garnishees. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

OPINION BY MR. JUSTICE MESTREZAT, May 18, 1903:

For the reasons stated in the opinion this day filed in Ellwanger v. Moore, ante, p. 234, the order discharging the rule to strike off the writ of fieri facias is reversed and the rule is now made absolute and the writ is set aside. The judgment

of the court below against the garnishees is so far modified as to restrain its collection until the interest, if any, of the defendant in the estate of Andrew M. Moore, deceased, is due and payable; and as thus modified, the judgment is affirmed. The costs of this appeal to be paid by the appellee.

---

# National Bank of Boyertown, Appellant, *v.* Fridenberg.

*Principal and agent—National bank—Banks and banking—Dealing in stocks—Notice.*

Where a bank authorizes its cashier to buy and sell stocks, and the authority of the cashier is apparently general and without limitation as to the character and amount of the securities he is to purchase, and as to whether the transactions should be on margin or for cash, and it appears that the cashier opens an account in the name of the bank with a firm of brokers and buys and sells stocks on the bank's account, both for cash and on margin, and it also appears that large profits were made for the bank on the cash transactions, the bank cannot, after the cashier has absconded, claim that it was not liable for losses on some of the margin transactions.

Argued March 31, 1903. Appeal, No. 5, Jan. T., 1903, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 1814, dismissing bill in equity in case of National Bank of Boyertown v. Samuel M. Fridenberg and M. Samuel Fridenberg, trading as S. M. & M. S. Fridenberg. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account.

BRÉGY, J., found the facts to be as follows:

On July 19, 1900, the cashier of the plaintiff bank opened an account with the defendant brokers in the name of " The National Bank of Boyertown." The first transaction was the purchase of one hundred shares of Union Pacific at fifty-seven and five-eighths, which was paid for in full in a few days; the second was a purchase of two hundred shares of American Tobacco at ninety-three and three quarters, also paid for in full in a few days. (This transaction was on July 31, 1900.) These stocks were sold in a few weeks at a profit, and